UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 20-cr-20599
Hon. Matthew F. Leitman

JOHN ANGELO, *et al.*,

    Defendants.
_____/

# ORDER CONCERNING MOTIONS PENDING BEFORE THE COURT
### (ECF Nos. 161, 162, 169, 173, 174, 176, 177, 181, 182, 184, 205)

The Court held an in-person hearing on a number of pending motions on November 17, 2022. For the reasons stated on the record during that hearing:

1) Defendant Brent Farouk Sitto's Motion for Bill of Particulars (ECF No. 161) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. The Government shall provide a bill of particulars identifying all alleged co-conspirators previously identified as "others" and/or "other persons" in the superseding indictment. However, the Government need not identify its evidence that the alleged conspiracy lasted beyond April 2018, because the Government indicated on the record that it does not currently have any such evidence.

1

2) The Government's Motion *in Limine* to Admit Signed Domestic Public Records Under Seal and Certified Business Records Pursuant to Fed. R. Evid. 902(1), 902(11), and 803(6) (ECF No. 173) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent that it seeks a ruling that the documents identified on the attachments to the motion satisfy the requirements for admission under Federal Rules of Evidence 902(1), 902(11), and 803(6).  The motion is **DENIED** to the extent that it seeks a final ruling that the documents in question are admissible.  Defendants may object to the admission of the documents on any basis other than under Federal Rules of Evidence 902(1), 902(11), or 803(6).

3) The Court **DEFERS** decision on whether to admit the summary evidence identified in the Government's Notice of Intent to Introduce Summary Evidence (ECF No. 174).  The Government may offer those summary exhibits (and others) into evidence at trial, and Defendants may object to their admission.  The Court will rule on the admissibility of each proposed summary exhibit at trial.

4) The Court **DEFERS** decision on whether to admit the purported hearsay or speculative evidence of uncharged co-conspirators identified in the Government's Motion *in Limine* to Preclude Defendants from

Arguing or Introducing Hearsay or Speculative Evidence of Uncharged Co-Conspirators During Trial (ECF No. 177). The Court will rule on the admissibility of the evidence referenced in the motion when and if that evidence is offered at trial.

5) The Government's Motion to Correct Scrivener's Error in Superseding Indictment (ECF No. 205) is **GRANTED**.

6) The Government's Motion Requesting Authorization for Rule 15 Deposition (ECF No. 184) is **DENIED**.

7) The Government's Motion *in Limine* to Preclude Introduction and Mention of Polygraph Evidence During Trial (ECF No. 176) is **GRANTED IN PART** and **DEFERRED IN PART**. No party may mention the word "polygraph" at trial without first seeking and obtaining the Court's permission to do so on the record. However, the Court declines at this time to issue a blanket ruling excluding all evidence related to polygraphs (and/or the willingness to take a polygraph). The Court will rule on all requests to introduce polygraph evidence when and if necessary at trial.

8) Defendant Brent Farouk Sitto's motion for Disclosure of Certain Ministerial Grand Jury Matters (ECF No. 162) is **DENIED**. However, this denial is without prejudice to Sitto's ability to file an additional

motion seeking disclosure of information related to grand jury proceedings on grounds other than those presented in his motion.

9) Defendant Cory Justin Mann's Motion to Sever (ECF No. 182) is **DENIED**.

10) The motion by Defendants Rosina Angelo and John Angelo to Sever Counts Two through Five (ECF No. 181) is **TAKEN UNDER ADVISEMENT**. The parties shall submit supplemental briefs addressing the questions raised by the Court during the hearing. Defendants shall file their brief(s) by November 28, 2022. The Government shall file its brief by December 5, 2022.

11) Defendants' Motion to Adjourn Trial and Extend Motion Cutoff (ECF No. 169) is **GRANTED**. The Court will work with counsel and the parties to find an appropriate date to reschedule the trial. In order to help ensure that defense counsel is ready and able to go to trial on the rescheduled date, by December 30, 2022, the Government shall:

a. Provide Defendants with a witness list identifying the witnesses the Government will call at trial and separately identifying the witness that the Government may call at trial;

b. Provide Defendants with an exhibit list identifying the exhibits the Government intends to use in its case-in-chief. For each

      exhibit identified on the list, the Government shall identify the witness(es) with whom the Government intends to use the exhibit;

  c.    Identify which of the materials provided thus far during discovery have been provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure (as opposed to being provided out of an abundance of caution);

  d.    Provide Defendants with all *Brady, Gilgio,* and/or *Agurs* materials that the Government has in its possession; and

  e.    Provide Defendants with all Jencks Act materials.

**IT IS SO ORDERED.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: November 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 18, 2022, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126