UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 20-cr-20599
Hon. Matthew F. Leitman

JOHN ANGELO, *et al.*,

    Defendants.
_____/

**<u>ORDER (1) RESOLVING PENDING MOTIONS; (2) ADJOURNING JURY TRIAL DATE; (3) REJOINING CHARGES FOR TRIAL; AND (4) DETERMINING EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT</u>**

On February 22, 2023, the Court held an in-person hearing to hear argument on a number of pretrial motions that are now pending before the Court. For the reasons explained on the record during that hearing (and for the additional reasons provided below), the motions are resolved as follows:

- The Government's Motion in Limine Regarding Prior Wrong or Bad Acts Evidence by Defendant Cory Mann (ECF No. 278) is **DENIED WITHOUT PREJUDICE**. Absent further order of the Court, the Government shall not mention at trial, or elicit witness testimony concerning, the conduct involving Defendant Mann and the former employee of the Rehmann consulting/accounting company that was the subject of this motion. And the

1

Government shall instruct its witnesses not to mention that conduct. At trial, the Government may renew its request to present evidence concerning the conduct at issue in this motion if the Government believes that Defendant Mann has "opened the door" to the admission of that evidence.

- Defendant Brent Farouk Sitto's Joint Motion for Additional Peremptory Challenges (ECF No. 249) is **DENIED**. The Court declines to allot an additional 20 peremptory challenges to the Defendants, as requested in the motion. Instead, the Court will allot a grand total of fifteen peremptory challenges to the Defendants.

- Defendant Brent Farouk Sitto's Motion to Strike as Surplusage the Word "Stolen" from Superseding Indictment and Motion to Preclude the Government from Referring to Crash Reports as "Stolen" (ECF No. 250) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. To the extent that Defendant Sitto seeks to strike the word "stolen" from the indictment, the motion is **DENIED AS MOOT** because the Court will not allow the jury to see the indictment. Sitto's Motion is **GRANTED** to the extent that he seeks a ruling prohibiting the Government from describing the crash reports as "stolen" at any point before the Government's closing and rebuttal arguments. Prior to its closing and rebuttal arguments, the Government shall not refer to the crash reports as "stolen." Instead, during its opening statement

and during the presentation of proofs, the Government may refer to the reports as having been "downloaded" or "accessed" (or some similar term). During its closing and rebuttal argument, the Government may argue to the jury that the evidence shows that the reports were "stolen."

- Defendant Cory Justin Mann's Motion in Limine for Additional Request to Bar Referring to Crash Reports as "Stolen," "Illegal," "Prohibited," or "Contraband;" Reference to Crash Reports Obtained Within 30-Days of an Accident Being Portrayed as Contraband; and for Preliminary Ruling Sustain Obligation for the Government to Prove that UD-10 Traffic Crash Reports Introduced as Evidence Originated from an Illicit Source (ECF No. 261) is **GRANTED**. The Government shall not refer to the crash reports as "stolen," "illegal," "prohibited," or "contraband" at trial. In addition, in order to lay a proper foundation for the admission of the crash reports at trial, the Government must first show that the reports were obtained by Karen Miller through the use of Carol Almeranti's DPD username and password.

- Defendant Cory Justin Mann's Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirator Statements for Certain Individuals under Fed. R. Evid. 801(D)(2)(E), or in the Alternative Motion in Limine to Bar Witness Testimony Pursuant to Fed. R. Evid. 402 and 403 (ECF No. 265) is **GRANTED IN PART** and **DENIED IN PART.** To the extent that

3

Defendant Mann seeks an Enright Hearing with respect to anticipated testimony from witnesses Silvio Cozzetto, Jared D'Argenio, and Joseph DeSanto, the motion is **DENIED AS MOOT**, as the Government has indicated that it does not intend to seek the admission of testimony from these witnesses under Fed. R. Evid. 801(D)(2)(E). To the extent that Defendant Mann seeks to exclude the testimony by Cozzetto, D'Argenio, and/or DeSanto that from 2010-2013, Defendant John Angelo directed that payments owed to him personally be paid to N.J.C. Marketing, LLC, the motion is **DENIED**. The Government may elicit that testimony during trial. Finally, to the extent that the motion seeks to exclude evidence that Defendant Mann was aware of, and/or involved in, conduct by Scott Jawetz, John Capella, and/or DeSanto that (a) related to accident reports and (b) occurred before the commencement of the conspiracy charged in Count One of the Superseding Indictment, the motion is **GRANTED**. The Government shall not present such evidence at trial.

- The Government's Motion in Limine to Admit Signed Domestic Public Records and Certified Business Records Pursuant to Fed. R. Evid. 803(6) and 902(11) (ECF No. 267) is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent it seeks a ruling that if the Government produces proper certifications from Google pursuant to Fed. R.

4

Evid. 902(11), that will satisfy the Government's burden to establish the authenticity of the documents that are the subject of the motion. If the Government produces such a proper certification for the records under Fed. R. Evid. 902(11), they shall be deemed authentic. The motion is **DENIED** to the extent that it seeks a ruling that the records that are the subject of the motion shall be admitted upon the presentation of a certificate of authenticity from Google pursuant to Fed. R. Evid. 902(11). While such a certificate may establish the authenticity of the records at issue, it is not sufficient to support admission of the records into evidence. Before the Court will admit the records into evidence, the Government must establish their admissibility pursuant to some Federal Rule of Evidence other than Fed. R. Evid. 902(11).

- The Government's Motion in Limine to Admit Prior Bad Acts Evidence (ECF No. 268) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE.** The motion is **GRANTED** to the extent it seeks permission to introduce evidence that Defendant John Angelo directed that payments owing to him personally be made to NJC Marketing, LLC. The Government may present such evidence at trial. In all other respects, the motion is **DENIED WITHOUT PREJUDICE**. The Government shall not present any of the other evidence identified in the motion to the jury unless

the Government first (a) seeks permission to do so outside the presence of the jury and (b) obtains a ruling from the Court allowing it to do so.

- The Government's Motion to Compel Production of Documents (ECF No. 277) is **TERMINATED AS MOOT.** As Defendant Mann's counsel confirmed on the record, Mann is not asserting any privilege with respect to the documents that are the subject of the motion and does not object to the third party's production of the documents. Before seeking admission into evidence of the documents at issue in the motion, the Government shall redact from the records any social security numbers, bank account numbers, driver's license numbers, and/or other personal identifying information (other than names).

- The Government's Motion to Modify Bond Conditions of Defendants (ECF No. 294) is **GRANTED IN PART** and **DENIED IN PART** as follows. Defense counsel who have entered an Appearance in this case may contact Witness Aaron Korson on behalf of the Defendants. The Defendants shall not have any other contact, directly or indirectly, with Mr. Korson. In addition, the Government shall not release Mr. Korson from the subpoena it has served upon him to appear at trial.

- The Government's Motion in Limine Regarding Evidence Supporting Potential Advice of Counsel Defense (ECF No. 225) is **DENIED.**

6

- Defendant Brent Farouk Sitto's Renewed Motion for Disclosure of Ministerial Grand Jury Impanelment Dates, Discharge Dates, and Orders for Extension (ECF No. 227) is **GRANTED IN PART.** Defendant Sitto (and all other Defendants) shall be provided with the empanelment dates, discharge dates, and extension orders for any grand jury that received evidence against the named Defendants related in any way to the charges in the Superseding Indictment. However, the Defendants shall not be provided any records concerning any grand jury that may currently be receiving evidence against them (if any such grand jury exists). By not later than <u>March 2, 2023</u>, the Government shall provide to the Court (by e-mail to the Court's Case Manager) the identification of the grand juries (other than current grand juries) that received evidence against the Defendants related to the charges in the Superseding Indictment. The Court will then have the Clerk's Office provide the empanelment, discharge, and extension order information to the Defendants. Defendant Sitto's Motion is **DENIED** to the extent that it seeks any further relief.

- Defendant Brent Farouk Sitto's Motion in Limine to Preclude Allegations of Violation of State Criminal Law (ECF No. 239) is **GRANTED IN PART** and **DENIED IN PART**. The Government may not argue that any of the Defendants' conduct violated state law. Moreover, the Government shall not

7

present any evidence to the effect that the Defendants' conduct violates state law.  However, this ruling does not prohibit the government from introducing into evidence any statements by the Defendants in which the Defendants referenced state law.  If the Government otherwise establishes the admissibility of such statements by the Defendants referencing state law, such statements may be admitted.

- Defendant Brent Farouk Sitto's Motion to Strike Surplusage "Unapproved Report" References from Indictment & Motion in Limine to Preclude References to Watermarks (ECF No. 241) is **DENIED.**

- Defendant Brent Farouk Sitto's Rule 12(b) Motion for Failure to State an Offense as it Relates to the "Property" Involved (ECF No. 240) is **DENIED.**

- Defendant Brent Farouk Sitto's Rule 12(b)(3) Motion for Failure to State an Offense as it Relates to the Purported False Representation (ECF No. 251) is **DENIED.**

- Defendant Brent Farouk Sitto's Rule 12(b)(3) Motion for Failure to State an Offense as it Relates to Devising of the Alleged Scheme (ECF No. 257) is **DENIED.**

- Defendant Brent Farouk Sitto's 12(b)(3) Motion for Failure to State an Offense as it Relates to Wire Communication and Writings (ECF No. 258) is **DENIED.**

- Defendant Brent Farouk Sitto's Joint Motion for an Enright Hearing and Disclosure of 801(d)(2)(E) Evidence (ECF No. 260) is **GRANTED IN PART** and **DENIED IN PART** as follows. By not later than **April 24, 2023**, the Government shall provide a written proffer (1) identifying every statement the Government is seeking to admit under the co-conspirator exception to the prohibition against hearsay and (2) summarizing the evidence that supports the Government's contention that the statements are admissible under Fed. R. Evid. 801(d)(2)(E). Upon reviewing the Government's proffer, the Court will then determine whether an Enright Hearing is necessary.

- Defendant Thomas Reed Quartz's Motion for Written Proffer and Enright Hearing (ECF No. 255) is **TERMINATED AS MOOT** given the Court's resolution of Defendant Brent Farouk Sitto's Joint Motion for an Enright Hearing and Disclosure of 801(d)(2)(E) Evidence (ECF No. 260), as explained above.

- The Government's Motion in Limine to Admit Audio Recordings (ECF No. 266) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE.** To the extent that the Government seeks an evidentiary hearing in order to determine whether certain recordings are admissible, the motion is **GRANTED.** To the extent that the Government seeks a ruling that

9

the recordings are admissible, the motion is **DENIED WITHOUT PREJUDICE.**

- Defendant Michael Daneshvar's Motion to Adjourn Trial Date and Extend Pretrial Motions Cutoff Date (ECF No. 269) is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent that it seeks an adjournment of the trial date. The trial previously scheduled to begin on March 22, 2023, shall be **ADJOURNED** until **October 17, 2023**. With respect to the Speedy Trial Act, the Court concludes that the time from March 22, 2023 (the date of the First Trial) until October 17, 2023, qualifies as excludable delay under the Speedy Trial Act for Defendants Brent Sitto, Corey Mann, Michael Daneshvar, and Glenn Franklin. *See* 18 U.S.C. § 3161(h)(7). The Court adjourned the trial (1) in response to the request by all Defendants (other than Mann, who did not object) for more time to prepare for trial and (2) based upon the Court's independent assessment that the case could not be ready for trial by March 22, 2023, given the volume and nature of objections to the Government's proposed exhibits. As the Court explained on the record, the Court and the parties must spend a substantial amount of time between now and the start of trial resolving objections to the Government's proposed exhibits and organizing the proofs for trial, and those tasks cannot be completed by the original trial date. For these reasons and

those explained on the record (and for the reasons explained in the motion (ECF No. 269)), the Court concludes that the ends of justice served by adjourning the trial date from March 22, 2023, to October 17, 2023, outweigh the interests of the public and of all Defendants in a speedy trial. Accordingly, the Court finds that the time from March 22, 2023, to October 17, 2023, qualifies as excludable delay under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7). The motion is **DENIED** to the extent that it seeks an extension of the motion cutoff date. If any party wishes to file additional motions, it shall first seek leave of the Court to do so. However, nothing in this order prevents any party from filing a motion that (1) is based upon issues that arise after the date of this order and (2) could not have been filed before the date of this order. Any such motion shall be filed by **August 3, 2023**. Finally, given the Court's decision to adjourn the trial for Defendants, the Court **REJOINS** for trial the charges against those Defendants in Counts One, Six, and Seven of the Superseding Indictment with the charge against Defendant Thomas Quartz in Count One of the Superseding Indictment. Simply put, the trial on October 17, 2023 will be a joint trial involving the conspiracy charge in Count One of the Superseding Indictment (against all Defendants named in that Count) and the tax-related charges against Defendant Mann in Counts Six and Seven.

- Defendant John Angelo's Motion in Limine to Exclude Evidence at Trial (ECF No. 262) is **DENIED AS MOOT.** The Court will address the objections raised in this motion in the protocol for review of the Government's proposed exhibits that the Court will institute by separate order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126