UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

JOHN ANGELO, ET AL.

          Defendants.

Case No. 20-cr-20599

Hon. Mathew F. Leitman

---

**GOVERNMENT'S SECOND MOTION AND BRIEF IN SUPPORT FOR AUTHORITY TO CONDUCT RULE 15 DEPOSITION IN APRIL 2023**

---

The United States of America ("the government") respectfully submits this second motion pursuant to Federal Rule of Criminal Procedure 15 ("Rule 15"), seeking authority to conduct a Rule 15 deposition of John Capella[1] based on his inability to safely travel from Florida to Michigan without physical pain and endangerment to his health as a result of his age and deteriorating physical condition. This Court previously received Responses filed by defendants in this matter opposing the government's request, as well as oral argument from defendants at a hearing on

---

[1] John Capella was charged, entered guilty pleas, and is awaiting sentencing before this Court to two felonies counts in matter 4:18cr20368 based on his participation in the scheme alleged in Count One of the Indictment.

1

November 17, 2023. Thus, government requests an expedited ruling from the Court permitting the government to conduct a Rule 15 deposition in the first weeks of April 2023 before John Capella's disability progresses further.

BRIEF

A jury trial for Defendants John Angelo and Rosina Caruvana is currently scheduled for July 11, 2023, for Counts Two, Three, and Four of the Superseding Indictment ("Indictment") (ECF No. 81), with a second jury trial for Defendants John Angelo, Cory Mann, Michael Daneshvar, Glenn Franklin, Brent Sitto, and Thomas Quartz scheduled for October 17, 2023, for Counts One, Six and Seven of the Indictment.  On November 17, 2022, this Court denied, without prejudice, the Government Motion Seeking Authorization for a Rule 15 Deposition (ECF No. 184) for John Capella. The Court did permit the government to seek authorization for the same relief with updated or additional information. (ECF No. 218 at 34 to 35).

Here, the government requests the Court issue an order permitting the government to take a video deposition of John Capella (charged in matter 4:18-cr-20368) between April 3 and April 14, 2023 for use at trial in this matter for any defendant. John Capella is a person who is identified in the Indictment and is known to the Court and the defendants. John

Capella's circumstances are exceptional and the deposition furthers the interests of justice. John Capella is an unavailable witness due to his age and physical ailments which prevent him from safely traveling from his residence in Florida to the trial court in Michigan without physical pain and endangering his health. The defendants will have the opportunity to cross-examine the witness during the deposition, and the testimony is material to issues at trial for all counts of the Indictment. Accordingly, the government requests that the motion be granted on an expedited basis so the government may preserve the relevant testimony of John Capella during the month of April 2023.

I.      Background

On December 1, 2021, the United States secured a Superseding Indictment ("Indictment") charging seven individuals across a seven-count Indictment. (ECF No. 81). Six of the defendants charged in the Indictment in this matter, including Defendants John Angelo, Cory Mann, Michael Daneshvar, Glenn Franklin, Brent Sitto, and Thomas Quartz conducted a years-long scheme to use a Detroit Police Department ("DPD") password to obtain electronic copies of UD-10E State of Michigan Traffic Crash Reports generated by the DPD through fraudulent misrepresentations

3

made to a third-party private vendor ("Crash Reports"), when many of the reports were not then publicly available and bore the watermark "Unapproved Report."

The government anticipates at least four witnesses (Defendants Karen Miller, Carol Almeranti, Robert Rosett, and Jayson Rosett), each of whom has entered guilty pleas to two felonies based on their involvement in the scheme alleged in Count One of the Indictment (4:20-cr-20599), will testify during the government's case-in-chief. The government anticipates trial evidence will show the co-conspirators used these DPD reports to solicit crash victims and direct them to various businesses designated by the co-conspirators, including: Auto Accident Attorneys, P.L.L.C. ("Auto Accident Attorneys"), the personal injury law firm operated by Defendants Franklin, Sitto, and others; and Michigan Accident Associates, P.L.L.C. ("MAA"), the personal injury law firm operated by Defendant Thomas Quartz and others. Count Two of the Indictment charges John Angelo and Rosina Angelo with conspiring to defraud the United States from on or about September 10, 2010, through at least May 11, 2017.

John Capella will testify, among other things, about his direct involvement in the scheme alleged in Count One of the Indictment, John

Angelo's direction and coordination of the Crash Reports, and the funds various co-conspirators, to include Brent Sitto and Glenn Franklin, paid to participate in the relevant scheme. *See e.g.*, ECF No. 184 Attachment A. As previously noted, the government also anticipates John Capella will testify that Defendants John Angelo, Cory Mann, Glenn Franklin, Brent Sitto, and Thomas Quartz were aware the scheme alleged in Count One relied upon the use of Crash Reports to solicit accident victims in Michigan. *See* ECF No. 184 Attachment B to G.

Count Two of the Indictment alleges, among other things, that John Angelo and Rosina Angelo agreed to create a nominee entity, NJC Marketing, open bank accounts in the name of NJC Marketing, and direct businesses to make checks payable to NJC Marketing to conceal John Angelo's receipt of taxable income. John Capella will testify, among other things, that John Angelo performed work for the entity WCIS Media, Inc. in 2010 and 2011 during the same time period and at the same business address in Boca Raton, Florida where John Capella was also performing work for the entity WCIS Media, Inc. John Capella's testimony will corroborate the anticipated testimony of the other trial witnesses, to include the WCIS bookkeeper, WCIS accountant, and Joseph DeSanto (charged in

matter 4:18-cr-20086). DeSanto will testify that from September 2010 through 2013, John Angelo performed work for WCIS, but directed his pay be made payable to NJC Marketing.

John Capella reports his health continues to deteriorate as time passes and his disability has steadily worsened over the last few months. Specifically, on February 25, 2023, John Capella reported his physical ailments and disability limit his ability to safely travel as follows:

- In 2018, Capella weighed approximately 300 pounds. The government understands Capella will turn sixty years old in 2023 and he measures at a height of approximately 6 feet 0 inches. As of February 2023, Capella weighs approximately 500 pounds.

- Capella suffers pain when standing or walking and must use lymphedema leg wraps to manage the pain.  Capella reports that he must wrap his legs and feet all day to manage fluid retention and pain. Capella reports because of his circulatory and heart issues, he must use lymphedema leg wraps to help reduce swelling in his feet and legs. Capella reports his fluid and circulatory issues have worsened over time such that in 2018 he wore a size 12 shoe, but now wears a size 16 ½ shoe.

- Capella reports the swelling in his legs and feet is very painful when he walks and this makes safe travel difficult and painful. Capella reports he has not been in a plane since he entered his guilty plea before this Court on July 22, 2019.

- Capella reports he suffers from severe chronic obstructive pulmonary disease ("COPD") and cannot walk more than 50 feet without stopping to rest because he cannot catch his breath.

- Capella reports over the last few years since entering his guilty plea he has been homebound and only leaves his residence to visit the doctor, the lab, his lawyer's office, or the federal building in Ft. Lauderdale, Florida.

- Capella reports that if he is compelled to travel to Detroit by the court to testify he will need to travel by air with a caregiver and will require two airline seats for himself a because of his weight and size at over 500lbs and a third seat for his caregiver. The government notes that air travel poses additional risks to Capella's health because of the ongoing risk of COVID-19 transmission combined with evidence showing Capella suffers from various comorbidities and thus the Center for Disease Control and Prevention indicates he is more likely

7

to get very sick from COVID-19[2] (i.e., Capella suffers from chronic

obstructive pulmonary disease, congestive heart failure and is

immunocompromised, morbidly obese, homebound and not

physically active).

*See, e.g.* Attachment A at 2.

John Capella's primary care physician provided a note explaining that

Defendant Capella suffers from congestive heart failure, left ventricular

diastolic dysfunction, limited joint movement, prediabetes, venous

insufficiency of the legs, and morbid obesity. Attachment A at 3.

At trials scheduled for July 11, 2023, and October 17, 2023, the

government anticipates calling John Capella as a witness as his testimony

supports allegations made in all the Counts of the Indictment. Thus, the

government requests, pursuant to Federal Rule of Criminal Procedure

15(e), that the Court allow the government to take a video deposition of

John Capella and use that video deposition at the trials set for July 11,

2023, and October 17, 2023.

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

II.     Argument

Federal Rule of Criminal Procedure 15(e) allows the use of a deposition at trial so far as otherwise admissible under the rules of evidence, if the witness is unavailable, as availability is defined in Federal Rule of Evidence 804(a). Rule 804(a)(4) defines unavailability of a witness as including inability to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity. Rule 15 provides that a court may, upon a party's motion, order the deposition of a witness for use at a trial "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).

A.     **Capella's Circumstances are Exceptional**

According to John Capella's primary care physician, he suffers from congestive heart failure, left ventricular diastolic dysfunction, limited joint movement, prediabetes, venous insufficiency of the legs, and morbid obesity. He initially pleaded guilty in matter 4:18-cr-20368 before then-District Court Judge Davis on May 29, 2018. Capella himself reports he can walk no more than 50 feet without stopping to catch his breath and he suffers pain when standing upright. He also reports he weighs

9

approximately 500 pounds, is homebound, and finds it painful to move or stand because of constant swelling in his legs and feet.

Capella suffers from ongoing disabilities that present exceptional circumstances which support acquiring his testimony via video deposition and presenting the video testimony to the jury during trials set in this matter.

**B.     Permitting John Capella to Testify Via a Recorded Video Deposition Furthers the Interests of Justice**

The government's proposal for securing John Capella's testimony via a video deposition would allow for his swearing in, the defendant's counsel to cross-examine him in person, and the defendants to be present if they wish. The video deposition would allow a jury to view John Capella's testimony via recorded video playback. Under this scenario, John Capella's testimony is reliable.

A video deposition furthers the interests of justice due to the fact that John Capella's testimony is material to the case as he will provide testimony about his direct participation in the scheme alleged in Count One of the Indictment. His testimony will be relevant to Counts Two through Seven because it will assist a jury to make a determination of the element of willfulness for each defendant charged in Counts Two through Seven.

Should John Capella's testimony be unavailable to the jury, the government has no other options with which to replace his testimony. No other witness, to include John Capella's former business partner Scott Jawetz, is capable of duplicating the scope of testimony the government anticipates Capella will provide, nor is there another witness able to lay the foundation for certain marked exhibits, and support facets of the allegations in the Indictment.

III.  Conclusion

The Government respectfully requests the Court issue an expedited ruling permitting the government to conduct a Rule 15 deposition of John Capella via videoconference during the first weeks of April 2023 before John Capella's disability progresses further and later present this recorded video testimony in any of the jury trials set for any counts charged in 4:20cr20599 before the government rests its case-in-chief.

Dated:  February 27, 2023

Respectfully Submitted,

STUART M. GOLDBERG
*Acting Deputy Assistant*
*Attorney General*
U.S. Department of Justice
Tax Division


/s/ Mark McDonald
Mark McDonald (VA 72198)
Chris O'Donnell (MA 64394)
DOJ Tax Division, Trial Attorneys
600 Church Street
Flint, Michigan 48502-1280
(202) 305-2672
Mark.S.McDonald@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

 JOHN ANGELO, ET AL.

        Defendants.

Case No. 20-cr-20599

Hon. Mathew F. Leitman

---

**PROPOSED ORDER
FOR RULE 15 DEPOSITION**

---

A motion having been made by the Government pursuant to Fed. R. Crim. P. 15(a) and the Court having found that exceptional circumstances existed to allow the Government to take John Capella's deposition and that allowing the deposition of John Capella was in the interest of justice. Accordingly, the Government's motion to take John Capella's is GRANTED pursuant to the following conditions:

- The deposition shall take place over a time period of two eight (8) hour sessions on consecutive days to occur between April 3 and April 14, 2023, at a date and time convenient for all counsel in this case.

13

The deposition shall take place in person at the U.S. Attorney's Office on 500 E. Broward Blvd. in Ft. Lauderdale, Florida.

- The Government shall also arrange for a live video feed of the deposition to be available for any Defendant and/or defense counsel who wishes to view and/or participate in the deposition virtually;

- No later than four weeks prior to the date of the deposition, the Government shall produce to Defendants all Rule 16 materials and all exculpatory materials;

- No later than three weeks prior to the date of the deposition, the Government shall produce to Defendants all impeachment materials related to John Capella and any Jencks materials related to John Capella; and

- No later than two weeks prior to the date of the deposition, the Government shall produce to Defendants a trial exhibit list for all counts of the indictment related to John Capella.

This order does not address the question of whether the deposition transcript shall be admissible at trial. All parties reserve all rights to make any arguments with respect to admissibility (or the lack thereof) of the

transcript when (or if) the Government seeks to introduce the transcript as evidence at trial.

_____

HONORABLE Matthew F. Leitman
United States District Court Judge

Entered: _____

## CERTIFICATE OF SERVICE

Pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, the government certifies that it contacted defense counsel to seek concurrence with the relief sought in this motion and confirms it did not receive a response indicating they concur with all the terms of the relief sought.

I hereby certify that on this 27th day of February 2023, I electronically filed and emailed a copy of the foregoing document with the Clerk of the Court using the ECF system.

The ECF system will automatically serve counsel of record.

/s/ Mark McDonald
Mark McDonald
Trial Attorney

16