UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

D-1 JOHN ANGELO,

D-3 ROSINA ANGELO, and

    Defendants.

Case No. 20-cr-20599

Hon. Matthew F. Leitman

---

### Government's Motion For Hostile Witness Determination for Government Witnesses

---

The United States of America ("the government") hereby files this motion and brief in support requesting this Court find witnesses Richard Lemongello Sr. and Richard Lemongello, Jr. are hostile witnesses for purposes of their direct examination testimony during the trial for Counts Two through Five in the above-referenced matter.

<u>BRIEF</u>

COMES NOW the government and hereby files this motion brief in support requesting this Court find witnesses Richard Lemongello Sr. and Richard Lemongello, Jr. are hostile witnesses for purposes of their direct examination testimony during the trial for Counts Two through Five in the

1

above-referenced matter.

I.     Case Law

Fed. R. Evid. 607 permits the credibility of witness to be attacked by the party which called the witness. *United States v. Townsed*, 796 F.2d 158, 162 (6th Cir. 1986). However, the government must call witnesses for the purpose of providing truthful testimony, not for the purpose of introducing irrelevant impeachment evidence or establishing defendant's guilt by association with a witness. *United States v. Gorny*, 732 F.2d 597, 604 (7th Cir. 1984).

Fed. R. Evid. 611(c) provides a hostile witness can be questioned during direct examination using leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." "Before a party is allowed to impeach a witness on direct examination, the trial court should make a finding that the witness is hostile." *United States v. Harris*, 523 F.2d 172, 174-75 (6th Cir. 1975).

II.    Argument

The government believes witnesses Richard Lemongello Sr. (Lemongello Sr.) and Richard Lemongello Jr. (Lemongello Jr.) are hostile witnesses. Since 2018, the government has had issues with Lemongello Sr. regarding his lack of responsiveness to subpoenas and his recent statements when he stated that he will not appear at trial on July 13, 2023. In addition,

Lemongello Jr. has provided information to the government which contradicts his father's testimony at a deposition held November 22, 2022. The Lemongello's issues are as follows:

1)  Beginning in approximately March 19, 2018 and continuing to June 16, 2023, the government has issued five separate subpoenas to Lemongello Sr. requesting records, to include the following:  emails, letters, correspondence, federal and state tax returns dating back to 2009, and backup records supporting tax returns, among other requested items. Attachment A. The only documents the government received from Lemongello Sr. were a total of approximately 227 pages of files which included tax returns and copies of Forms W-2 reporting wages. The 227 pages of tax return documents Lemongello Sr. provided to the government from 2018 to present includes no individual tax returns for or communications or correspondence with John Angelo, Rosina Angelo, or J&A Consultants.

The evening prior to Lemongello Sr.'s deposition defense counsel provided the government with a packet of approximately 817 pages of documents which included "W-2 Forms … business tax returns from J&A Consultants and bank statements." Attachment B at 6. The following day at his deposition Lemongello Sr. testified that the documents had been at his office and he provided them to defense counsel. Government attorneys had

not seen the documents prior to receiving them from defense counsel. Assuming Lemongello Sr. testified accurately and was given sufficient time to review the file and identify the relevant records, the government believes Lemongello Sr. should have produced the documents pursuant to the multiple subpoenas issued by the government.

2) Lemongello Sr. has stated to government counsel that he will not appear at trial despite being ordered to appear on July 13, 2023. *See* ECF No. 387 Attachment A (PageID 6950-51). Government counsel spoke with Lemongello Sr. via a phone call and offered to provide him with a rental car and hotel expenses so that he may travel to Detroit from NJ via automobile over the course of a week. Lemongello Sr. stated that he cannot travel due to his health. *Id.*

3) On June 29, 2023, defense counsel provided the government with purported draft copies of Rosina Angelo's jointly filed 2010 through 2013 Forms 1040 and 1040X. Defense Exhibits 220 to 223. Lemongello Sr. is listed as the return preparer for the returns. Defense counsel told the government attorneys that he plans on introducing the documents via Lemongello Sr. or Lemongello Jr. suggesting that the documents are Lemongello Sr. business records. If these records are identified by a trial witness as Lemongello Sr. business records, these documents should have been turned over to the government pursuant to the subpoenas.

In addition, the 2010 to 2013 tax returns provided to the government by defense counsel are not signed by Lemongello Sr., nor does his Preparer's Tax Identification Number (PTIN) appear on the tax returns bringing into question whether he prepared these exact returns, and whether these are the tax returns that were filed with the IRS.

4) During his November 2, 2022 deposition, Lemongello Sr. testified under oath that he prepared Defendant John Angelo's 2015 Form 1040 and 2016 Form 1040 EZ and J&A Consultants' 2016 Forms 1120 Attachment B at 4-6. Lemongello Sr. further testified that his son assisted him at times in collecting tax information from Rosina Angelo. Lemongello Sr. never stated that his son prepared tax returns for Rosina Angelo.  Attachment B at 8-9.

During a phone interview with Lemongello Jr. on July 7, 2023, Lemongello Jr. told government attorneys that he prepared Defendant John Angelo's 2015 Form 1040 and 2016 Form 1040EX, and J&A Consultants 2015 and 2016 Forms 1120 in contradiction to Lemongello's deposition testimony. Attachment C. In addition, the signatures on the tax returns Lemongello Jr. alleges he prepared appear consistent with Lemongello Sr.'s signature. Further, two of the tax returns do not bear a PTIN, while the other two tax returns bear Lemongello Sr.'s PTIN.

Based on the witness's lack of responsiveness to the government's multiple subpoenas (the government issued the first subpoena to Lemongello

Sr. on approximately March 19, 2018 and the last subpoena in 2023), the lack of signatures and PTINs on tax returns allegedly prepared by Lemongello Sr., and the inconsistent statements between Lemongello Sr.'s deposition testimony and Lemongello Jr's interview, the government requests the Court declare both as hostile witnesses.

Permitting the government to appropriately use leading questions during the direct examinations of Lemongello Sr. and Lemongello Jr. and treat them as hostile witnesses will ensure the government can elicit truthful testimony from both witnesses relevant to Counts Two to Five, while also ensuring the witnesses may be questioned about likely inconsistencies between their trial testimony, IRS database records, Defense Exhibits 200 to 203, and their own prior statements.

III. Conclusion

The Government requests that the court declare Richard Lemongello Sr. and Richard Lemongello Jr. as hostile witnesses for the trial set to begin on July 11, 2023.

Date: July 7, 2023    Respectfully submitted,

STUART M. GOLDBERG
*Acting Deputy Assistant Attorney General*
U.S. Department of Justice,
Tax Division

/s/Christopher P. O'Donnell

        Mark McDonald (VA72198)
        Christopher P. O'Donnell (MA643949)
        Trial Attorneys
        600 Church Street
        Flint, Michigan 48502-1280
        (202) 305-2672

## CERTIFICATE OF SERVICE

Pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, the government certifies that it contacted defense counsel on July 7, 2023 to seek concurrence to the relief sought in this motion and confirms defense counsel did not communicate it concurs.

I hereby certify that on this July 7, 2023, I electronically filed and emailed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

/s/ Mark McDonald
Mark McDonald
Trial Attorney