UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>D-1 JOHN ANGELO,<br>D-3 ROSINA ANGELO,<br> a/k/a ROSINA CARUVANA,<br><br>        Defendants. | Case No. 20-cr-20599 (MFL)(CI)<br><br>Hon. Matthew F. Leitman |

**DEFENDANTS' BRIEF OPPOSING VARIANCE OF INDICTMENT**

    As requested by this Court, defendants submit this brief on the issue of whether, based on the language of the indictment, the government may offer evidence of unreported cash or currency by John Angelo in this tax trial. For the following reasons, allowing the government to shift factual theories during trial is a variance that would affect the defendants' "substantial rights" and require reversal on appeal in the event of conviction.

    "An indictment may be the subject of an actual amendment, a constructive amendment, or a variance." *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007). "[A] variance occurs when the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those

alleged in the indictment." *Id*. (quoting *United States v. Prince*, 214 F.3d 740, 756 (6th Cir. 2000)) (internal citations omitted) (alteration in original). And "[i]f a variance infringes too strongly upon the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation, the variance is considered a 'constructive amendment." *United States v. Prince*, 214 F.3d 740, 756 (6th Cir. 2000).[1]

"Once the indictment presents a factual basis for an element of a crime, the prosecution may not rest its proof of that element of the crime at trial on other facts." *United States v. Budd*, 496 F.3d at 522 (quoting *United States v. Caldwell*, 176 F.3d 898, 902 (6th Cir. 1999); *Stirone v. United States*, 361 U.S. 212 , 217 (1960) (finding government varied from indictment charging Hobbs Act interference with interstate sand transport by offering evidence of interference with steel transport).

The government is now attempting to secure convictions in this matter by presenting evidence John Angelo received cash payments (that the government alleges was unreported). This is a material variance from the factual basis of every

---

[1] Amendments are *per se* prejudicial and require reversal on appeal—amendments implicate the Fifth Amendment right to be indicted by a grand jury. When a variance occurs, however, reversal on appeal requires a showing of prejudice. *United States v. Beasley*, 583 F.3d 384, 389–90 (6th Cir. 2009).

tax charge alleged in the indictment. And because this variance will cause prejudice to the defendants, it is a constructive amendment that will require reversal on appeal.

The indictment alleges that NJC Marketing "was a limited liability company[, which] . . . served as a nominee entity for Defendants John Angelo and Rosina Angelo. Through NJC Marketing[,] Defendants John Angelo and Rosina Angelo earned taxable income." (Indict.: ECF No. 340, at Page.ID.6118 (¶23).)

The indictment alleges Robin Street Consultants was "owned by Defendant John Angelo and Anthony Sereno and operated by Defendants John Angelo and Rosina Angelo, and Anthony Sereno."

> Robin Street served as a nominee entity for Defendants John Angelo and Rosina Angelo, and Anthony Sereno. Through Robin Street Defendants John Angelo and Rosina Angelo, and Anthony Sereno received taxable income. Defendants John Angelo and Rosina Angelo, and Anthony Sereno used the Robin Street business accounts to transfer funds between each other and conduct other financial transactions in order to conceal taxable income earned through Robin Street from the IRS."

(Id. at Page.ID.6118–6119 (¶24).)

Each of these factual allegations are incorporated into counts two through five. (Id. at Page.ID.6143–45 (¶91, 93, 95)).

Count two alleges John and Rosina conspired to hide John's income from the IRS. Count two is very detailed as to the alleged means by which John and

Rosina sought to accomplish this.  The manner and means are alleged to be that John and Rosina "agreed to create a nominee entity, NJC Marketing, open bank accounts in the name of NJC Marketing, and direct businesses to make checks payable to NJC Marketing to conceal Defendant John Angelo's receipt of taxable income."  (Id. at Page.ID.6036 (¶76).)  And the alleged acts taken by John and Rosina to further the alleged conspiracy are even more detailed.

- "Defendants John Angelo and Rosina Angelo directed WCIS to pay fees earned by defendant John Angelo *via check made payable to nominee entity NJC Marketing*."  (Id. at Page.ID.6137 (¶77.a) (emphasis added).)

- "Defendants John Angelo and Rosina Angelo directed HSMM to pay fees earned by defendant John Angelo *via check made payable to nominee entity NJC Marketing . . . .*"  Id. at Page.Id.6138 (¶77.b) (emphasis added).)

- "Defendant John Angelo directed . . . Michigan Accident Associates to pay, or cause to be paid, fees earned by Defendant John Angelo *via checks made payable to nominee entity NJC Marketing . . . .*"  (Id. (¶77.c) (emphasis added).)

These factual allegations in count two are also alleged in counts three through five.  (*Id*. at Page.ID.6143–6145 (¶¶91, 93, 95).)

Count three alleges that John and Rosina Angelo filed a false return for John Angelo for the 2015 tax year.  "John Angelo and Rosina Angelo, then and there well knew and believed, defendant John Angelo had earned additional business

gross receipts, adjusted gross income, and taxable income *through Robin Street and NJC Marketing*." (Id. at ¶92.)

The wording of counts four and five differ slightly. Count four alleges that John and Rosina Angelo filed a false tax return for John Angelo for tax year 2016 because they "then and there well knew and believed, the return did not accurately list all amounts and sources of income received during the tax year and understated the amount of business gross receipts, adjusted gross income, and taxable income defendant John Angelo received during the tax year through Robin Street and NJC Marketing." (Id. at Page.ID.6144–46.)

The words "cash" or "currency" are not contained in the indictment, let alone in the same sentence as the word "unreported."

For a variance to be prejudicial it must affect a "substantial right of the defendant." In the context of a variance, this requires a defendant prove "prejudice to his ability to defend himself or to the overall fairness of the trial." *United States v. Manning*, 142 F.3d 336, 339 (6th Cir. 1998).

Undersigned counsel prepared for a trial based on a detailed indictment that alleges the defendants diverted funds owed to John Angelo to "nominee entities" NJC Marketing and Robin Street Consultants. Counsel would have prepared for this trial differently if the government had provided notice that it was going to pursue a conviction based on unreported cash. Bank records would have been

examined differently (including the records of any individual or entity allegedly making cash payments), forensic accountants would have been employed, and a different trial strategy would have been adopted.

In addition, this Court has seen how the government has conducted this trial. Witness and (massive) exhibit lists have never been finalized, which becomes difficult to overcome when defense counsel was unnecessarily buried in over 70 discovery productions. Indeed, a witness was immunized today as the government attempts to shift to an unreported cash factual theory.

Trials should be fair. The manner in which the government has conducted trial thus far has made fairness difficult to achieve. Requiring the defense to adopt a new strategy and defend a new front now will make fairness impossible and prejudice very real.

## Conclusion

Trials should not be conducted by surprise or ambush. The Sixth Amendment forbids it. But that is exactly what will happen if the government is allowed to pursue a conviction based on unreported cash.

The government should be precluded from offering such evidence.

Respectfully submitted,

/s/ Abed Hammoud
Abed Hammoud
Abed Hammoud Law, PLLC
645 Griswold St., Suite 1717
Detroit, Michigan 48226
Tel: (313) 303-0427
E-mail: abed@abedhammoudlaw.com
*Attorney for John Angelo*

/s/ Patrick J. Hurford
Patrick J. Hurford
Patrick Hurford PLLC
645 Griswold St. (Suite 1717)
Detroit, MI 48226
Tel: (313) 938-0693
E-mail: patrick@hurford.law
*Attorney for Rosina Caruvana*

Date: July 12, 2023

## CERTIFICATE OF SERVICE

I, Patrick J. Hurford, hereby certify that on July 12, 2023, I electronically filed this brief using the ECF system which will send notification of the filing to all counsel of record included in the ECF system.

Respectfully submitted,

/s/ Patrick J. Hurford
645 Griswold St. (Suite 1717)
Detroit, MI 48226
Tel: (313) 938-0693
E-mail:  patrick@hurford.law

Date: July 12, 2023